## The Pennsylvania Railroad Company
### *versus* Bruner.

### Same *versus* Cooper.
### Same *versus* Righter.
### Same *versus* Sener.

1. In a proceeding to assess damages, under the Act of March 29th 1848, for land taken by the Pennsylvania Railroad Company, a report setting out the adjoiners and boundaries with a draft showing the length, breadth, courses and distances of the ground taken, without a calculation of the contents sufficiently set forth the *quantity* of land taken.

2. Stating the contents was not essential, as it could be ascertained by the elements for calculation given. *Id certum est quod certum reddi potest.*

3. Where land taken by the railroad was described by the viewers as in the town of Columbia, and used for a lumber-yard, &c., the *quality* is sufficiently set forth.

4. The description of quality must have respect to the location and circumstances.

May 16th 1867. Before WOODWARD, C. J., THOMPSON and AGNEW, JJ. STRONG and READ, JJ., absent.

Certiorari to the Court of Common Pleas of *Lancaster county*.

In the court below proceedings were commenced April 28th 1866, by the petition of Abraham Bruner, setting forth that he was the owner of a wharf lot in Columbia, used as a lumber yard and for other purposes, lying between Front street and the Susquehanna river; that the Pennsylvania Railroad Company having filed a bond to indemnify the petitioner had located and nearly constructed a branch railroad through his land above mentioned; and prayed for a jury to assess his damages.

John Cooper, Washington Righter and Gottleib Sener, on the same day presented like petitions, and the same viewers were appointed on all the petitions.

The viewers reported " that they viewed the premises, and having estimated the quantity, quality and value of the land occupied or taken by the said Pennsylvania Railroad Company according to draft hereto annexed, viz.: a piece of ground on the west side of Front street in the borough of Columbia, commencing, &c., (describing its boundaries) * * and with a due regard to and making a just allowance for the advantages which may have resulted or which may seem likely to result to the owner of the land aforesaid in consequence of the construction of the said branch railroad, &c., and having made a fair and just comparison of the said advantages and disadvantages, do report that they find as the value of the ground occupied and appropriated and before described as being the property of Abraham Bruner, and used for a

[Pennsylvania Railroad Co. v. Bruner.]

lumber yard, $11,368; and for inconvenience and damage to balance, also used as a lumber yard, being an extension of the same lot of ground before described to the Susquehanna river, as per draft annexed, $2842; and for buildings on the land occupied and appropriated, viz.: frame stable 14 by 26 feet, lumber shed 16 by 32 feet, and fencing and gates, at $565; making in all $14,775, which is awarded to Abraham Bruner."

The reports in the other cases were similar, *mutatis mutandis*.

Cooper's damages were assessed at $6062.34; Righter's at $4220, and Siner's at $5915.

The following exceptions to the report were filed by the company:—

1. The report does not set forth distinctly the quantity or quality of the land taken and occupied.

2. The report does not show that the viewers estimated and determined whether any damages have been sustained.

3. The report does not show why the sum of $14,775 is awarded to Araham Bruner, whether the same is for damages or any other purpose.

4. The viewers allowed witnesses to state their opinions as to the amount of damages, and received such statements in evidence.

5. Witnesses were allowed to give in evidence their estimates of the expense of making a wharf out into the river and filling in new ground to an extent equal to that taken for the railroad.

6. Witnesses in giving their opinions as to the amount of damages, based their estimates on the cost of making new ground by wharfing out into the river as above stated.

7. Calculations and drafts showing the cost and amount of filling claimed as above stated, were received by the viewers, who were thereby led to consider such cost as partially, if not altogether the measure of damages.

Exceptions substantially the same, were filed to the other reports.

The court below overruled the exceptions and confirmed the reports, which was assigned for error in the Supreme Court.

*O. J. Dickey* and *G. L. Breneman,* for plaintiffs in error, cited Act of 27th March 1848, § 4, Pamph. L. 273; Zack *v.* Penna. Railroad Co., 1 Casey 395; O'Hara *v.* Penna. Railroad Co., Id. 445; Penna. Railroad Co. *v.* Porter, 5 Id. 165; Schuylkill Navigation Co. *v.* Thoburn, 7 S. & R. 411; Same *v.* Farr, 4 W. & S. 375; Searle *v.* L. & B. Railroad Co., 9 Casey 57; Watson *v.* The Pittsburg & Connellsville Railroad Co., 1 Wright 469; Dorlan *v.* East Brandywine & Waynesburg Railroad Co., 10 Id. 521; Harvey *v.* The L. & B. Railroad Co., 11 Id. 434: In re Furman Street, 17 Wend. 649; 1 Graham & Waterman on New Trials 237, 240; Tutton *v.* Andrews, 2 Barnes 354; Strang *v.* Whitehead,

12 Wend. 64 ; Clark *v.* Vorce, 19 Id. 232 ; Osgood *v.* The Man-
hattan Co., 2 Cowen 612 ; Foster *v.* Smith, 10 Wend. 377 ; Brown
*v.* May, 1 Munf. 288 ; Railroad Co. *v.* Hiester, 8 Barr 445.

*Y. M. North* and *N. Ellmaker*, for defendant in error, cited
Pennsylvania Railroad *v.* Porter, 5 Casey 169 ; Road from App's
Tavern, 17 S. & R. 388 ; 1 Graham & Waterman on New Trials
243 ; Prince *v.* Shepard, 9 Pick. 176 ; Stiles *v.* Tilford, 10 Wend.
338 ; Reitenbaugh *v.* Chester Valley Railroad Co., 9 Harris 105 ;
Commonwealth *v.* Lebo, 13 S. & R. 175 ; Frazier *v.* Funk, 15 Id.
26 ; Morrison *v.* Moreland, Id. 61.

The opinion of the court was delivered, July 3d 1867, by
THOMPSON, J.—The exceptions in these cases were taken by
the railroad company, and as they are the same in each, they will
be considered together, as they were argued.

1. The first exception is, that the reports do not set forth, as
required by the Act of the 27th of March 1848, " the quantity
and quality of the land taken and occupied" by the company.

In each of the reports the adjoiners and boundaries of the land
taken are set out, accompanied by an accurate draft, containing
the length, breadth, courses and distances of the ground taken, but
without a calculation of the contents. This was not essential :
as the elements of a calculation were thus given, the contents
could be ascertained by any one competent to make the calcula-
tion, and must be presumed to have been known to the jury. *Id
certum est quod certum reddi potest.* That this was sufficient,
see Pennsylvania Railroad Co. *v.* Porter, 5 Casey 165 ; and Zack
*v.* Pennsylvania Railroad Co. 1 Id. 394. That it was not so held
in O'Hara *v.* Pennsylvania Railroad Co., Id. 445, was because
the courses and distances were not given.

As to the quality. Although this is not generally of much
importance to the company, and only of practical importance in
the court below to enable it to judge of the adequacy of the
damages given, yet as the statute requires it, it must not be omit-
ted. The requirement of the statute is not of details of soils com-
posing the ground taken, which, strictly speaking, the term quality
implies ; but, as said in Zack *v.* The Pennsylvania Railroad Co.,
*supra*, it is whether the land is " barren or fertile, town or farm
land, woodland or cultivated, hill-side or bottom." In respect to
the quality of the land, we think these reports sufficient. It is
described as within the town of Columbia—town property, there-
fore. Its use principally for board-yards and buildings, and was
valued for such purposes. It would have been unmeaning to have
declared it arable or meadow-land, fertile or barren, situate as
it was in a large town. The description of quality must have
some respect to the location and circumstances of property ; other-

wise it might be unmeaning and idle. This exception is, there-
fore, overruled.

2 and 3. These exceptions are not sustained. In our opinion,
it sufficiently appears that the viewers compared the advantages
and disadvantages to the owners by the contemplated branch road,
and estimated damages and awarded compensation in view thereof.
That they itemized what constituted the aggregate of their finding
is a bad reason for holding that their finding is not according to
law. The value of the property, and "inconvenience and damage"
to the balance, is an item to which a specific sum is affixed. The
value of buildings, fences, &c., constitute another. These are
aggregated and compose the total of each award. The value
of property taken is proper to be estimated: this is what the
constitution requires, and would be the true measure of the dam-
age done, unless diminished by considerations of the advantages
over the disadvantages to the owner, in taking his property for the
proposed improvement.

The remaining exceptions are to matters involving the facts of
the case. As this is not an appeal, the testimony is not before
us, judicially speaking. And, although it appears on the paper-
books, we have no jurisdiction of the facts, and cannot look into
them, as on an appeal, or when they are brought up by a bill of
exceptions. Neither the one nor the other is a remedy under the
statute. On this point see The Chester Valley Railroad Co. *v.*
Reitenbaugh, 9 Harris 100, and Ohio and Pennsylvania Railroad
Co. *v.* Bradford's Heirs, 7 Id. 363.

The judgments in these cases must therefore be affirmed.